UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Youa Vang Lee,                                    Civil No. 07-1205 (PAM/JSM)

          Plaintiff,

v.                                                **MEMORANDUM AND ORDER**

Officer Jason Anderson and
The City of Minneapolis,

          Defendants.

---

This matter is before the Court on the parties' motions in limine. The Court will consider the motions in turn.

**A.    Plaintiff's Motions**

    **1.    Gang Membership of Decedent**

Plaintiff moved to suppress any evidence that the decedent, Fong Lee, was a member of a gang. Plaintiff argues that evidence of the decedent's membership in a gang is irrelevant and prejudicial to Plaintiff. Anderson did not know the decedent or of his alleged gang activities. Defendants argue that the decedent's gang membership is relevant to the issue of damages and to whether decedent had a gun the day he was shot and killed, and is admissible to prove the decedent's motive in running from police. Defendants also indicate that an officer is willing to testify that the decedent's father knew of the decedent's gang activity, in the event that the decedent's parents deny that they knew he was involved in gang activities.

Evidence is relevant if it has "any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable then it would be without the evidence." Fed. R. Evid. 401. Relevant evidence is generally admissible, see Fed. R. Evid. 402, but a court may exclude otherwise relevant evidence if "its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury . . . ." Fed. R. Evid. 403.

The decedent's alleged gang membership is relevant to the issue of whether he had a gun the day he was shot because his membership in a gang makes it more probable that he or his friends had access to a gun. The decedent's alleged gang membership, however, is irrelevant to the question of damages for wrongful death. The Court has balanced the risk of unfair prejudice with the relevance of decedent's gang membership. See Fed. R. Evid. 403. Plaintiff's Motion is granted in part and denied in part. Defendants may introduce evidence of the decedent's alleged gang membership for the purpose of showing the decedent's motive in running from police and to prove that he had the gun the day he was shot. Defendants may not introduce evidence of the decedent's gang membership for purposes of calculating damages. The Court will likely sustain any objection to the testimony by the officer that the decedent's father knew of the decedent's gang activity, subject to the Court revisiting the decision when and if the issue is raised at trial.

   **2.   Prior Convictions of Decedent**

Plaintiff moves to exclude any evidence that the decedent had been arrested, charged, and/or convicted of any other crime. Defendants indicated that they do not intend to

introduce such evidence, unless Plaintiff's witnesses deny that the decedent was ever arrested. This Motion is denied without prejudice.

### 3. Citizenship

Plaintiff moved to suppress any evidence of the decedent's or his family members' citizenship. Defendants do not oppose the Motion. The Motion is therefore granted.

### 4. Collateral Sources of Special Damages

Plaintiff also moved to exclude evidence that members of decedent's family received "collateral source benefits." Because this evidence may become relevant to the question of damages, the Court will deny this Motion without prejudice, and will entertain appropriate objections at trial.

### 5. Criminal Activity and Convictions of Decedent's Family

Plaintiff moved to exclude any evidence that members of decedent's family were convicted of any crimes. Defendants indicate that they do not have any evidence of criminal activity or convictions of any member of the decedent's family. However, Federal Rule of Evidence 609 expressly contemplates the use of criminal convictions to impeach witnesses under certain circumstances. The Court will entertain appropriate objections to evidence of prior convictions as the issue arises at trial. Plaintiff's Motion is denied.

### 6. Gang Membership of Witnesses

Plaintiff moved to exclude any evidence that the parties or non-party witnesses are members of gangs. Defendants argue that the evidence is relevant and necessary as a foundation for some witnesses' testimony that the decedent was a member of a gang. The

Court cannot issue a blanket prohibition on this kind of evidence, but will entertain appropriate motions as the issues develop at trial. The Motion is denied without prejudice.

### 7. Criminal Records of Witnesses

Plaintiff also moved to exclude any evidence of non-party witnesses' criminal records. Federal Rule of Evidence 609 expressly contemplates the use of criminal convictions to impeach witnesses under certain circumstances. The Court will entertain appropriate objections to evidence of prior convictions as the issue arises at trial. Plaintiff's Motion is denied.

### 8. Grand Jury Conclusion

Plaintiff moved to exclude evidence of the result of the grand jury that considered Anderson's actions. Defendants indicated that they do not intend to introduce evidence of the grand jury's result unless Plaintiff first opens the door. The Motion is therefore denied without prejudice.

### 9. Internal Affairs Conclusions

Plaintiff moved to exclude evidence of any conclusions made by the City's Internal Affairs Division. Defendants indicated that they do not intend to introduce evidence of the internal affairs investigation unless Plaintiff first opens the door. The Motion is therefore denied without prejudice.

### 10. Plaintiff's Recording of Chief Dolan

Plaintiff moved to exclude evidence that Chief Dolan's conference with the decedent's family after the shooting was recorded. Defendants indicated that they do not intend to

introduce evidence of the meeting between Chief Dolan and Plaintiff unless Plaintiff first opens the door. The Motion is therefore denied without prejudice.

**B.     Defendants' Motions**

   **1.     Psychological Examination**

Defendants moved to exclude evidence of Anderson's pre-employment psychological examination. Plaintiff stipulates to the Motion; accordingly, the Motion is granted. No evidence will be admitted regarding Anderson's pre-employment psychological examination.

   **2.     "Bad Acts" Evidence**

Defendants moved to exclude "other bad acts" evidence relating to Anderson. Plaintiff indicated that she intends to introduce evidence that Anderson used derogatory racial remarks on two occasions before the incident at issue here, once referring to Asians. Plaintiff argues that this evidence "shows a propensity to engage in potentially improper conduct with persons of color." (Pl.'s Opp'n at 2.) Federal Rule of Evidence 404(b) specifically excludes this kind of character evidence: "Evidence of other crimes , wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith." Rule 404(b) allows such evidence to be introduced for other purposes, such as intent or motive, but Plaintiff did not argue that the racial remarks would be used for any admissible purpose. Defendants' Motion to exclude "other bad acts" is granted with regard to the racial remarks noted by Plaintiff. The Court will entertain other appropriate objections under Rule 404 should other issues arise at trial.

   **3.     Adequacy of the Investigation**

Defendants moved to exclude evidence that the City's investigation of the shooting was inadequate. Defendants argue that, because the Court granted summary judgment on all of the direct causes of action against the City, the adequacy of the City's investigation is irrelevant. Plaintiff maintains that the adequacy of the investigation is a "significant matter in this case." (Pl.'s Opp'n at 2.) The Court disagrees. Evidence of an allegedly inadequate investigation by the City is irrelevant to whether the City is vicariously liable for Anderson's actions, and the Court granted summary judgment on Plaintiff's theories of direct liability against the City. The Court will therefore sustain any objection to evidence introduced by Plaintiff that the City's investigation of the decedent's death was inadequate.

### 4. Statements of Jesse Garcia

Defendants moved to exclude the statement of Sergeant Jessie Garcia that the security camera footage showed the decedent did not have a gun. Defendants argue that Sergeant Garcia cannot make an admission on behalf of Anderson, and, because the City's liability, if any, is based solely on the employment relationship between Anderson and the City, an "admission" by the City itself is irrelevant. Defendants also argue that the testimony should be excluded, if relevant, under Rule 403 because it would confuse the jury and prejudice Anderson. Plaintiff argues that Garcia's statement is an admission by the City and should therefore be admitted. Even if Garcia's statement is an admission, it is only an admission by the City. Garcia is not authorized to make an admission on behalf of Anderson. As noted in the previous section, the only remaining theory of liability against the City is vicarious liability, and an admission by the City that the video does not show the decedent carrying a

gun is irrelevant to whether the City is vicariously liable for Anderson's actions. In light of Plaintiff's confusion of the scope of the case, the Court finds that Garcia's statement is inadmissible under Rule 403 because it will further confuse the issues.

### 5. Medical Examiner

Defendants moved to exclude opinion testimony from the Hennepin County Medical Examiner. Plaintiff did not disclose the medical examiner as an expert witness. Plaintiff argues that the medical examiner may still testify as an expert despite the non-disclosure because Plaintiff did not retain the medical examiner as an expert. Federal Rule of Civil Procedure 26(a)(2) requires the disclosure of "any witness [a party] may use at trial . . . ." The Rule does not make a distinction between experts retained by a party and experts who were "simply doing [their] job." (Pl.'s Opp'n at 3.) Defendants' Motion to exclude the expert opinion testimony of the medical examiner is granted and the medical examiner may not give any opinion testimony before the jury.

**C.     Defendants' Motions to Limit or Exclude Plaintiff's Experts**

Federal Rule of Evidence 702 states:

If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise, if (1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case.

In exercising its "gatekeeper" role, the Court applies a three-part test to determine whether expert testimony is admissible under Rule 702.

First, evidence based on scientific, technical, or other specialized knowledge must be useful to the finder of fact in deciding the ultimate issue of fact. Id. This is the basic rule of relevancy. Second, the proposed witness must be qualified to assist the finder of fact. Third, the proposed evidence must be reliable or trustworthy in an evidentiary sense, so that, if the finder of fact accepts it as true, it provides the assistance the finder of fact requires . . . .

Lauzon v. Senco Products, Inc., 270 F.3d 681, 686 (8th Cir. 2001) (citations omitted); see also Polski v. Quigley Corp., 538 F.3d 836, 838 (8th Cir. 2008).

**1.     Philip Corrigan**

Defendants move to preclude the testimony of one of Plaintiff's experts, Philip Corrigan, because he is not qualified as an expert in any of the areas in which he is prepared to give an opinion. Specifically, Defendants contend that Mr. Corrigan is not qualified to give an expert opinion regarding (1) the use of force, (2) the hiring, training, and supervision of Anderson, (3) the adequacy of the investigation into the decedent's death, and (4) the reports and recollections of Anderson and Trooper Benz. Defendants also argue that

Corrigan's testimony about the hiring, training, and supervision of Anderson and the adequacy of the investigation are inadmissible because they are irrelevant in deciding the ultimate issue of fact—whether Anderson was justified in shooting the decedent.

Mr. Corrigan was a police officer and sergeant for 20 years before working as a law enforcement and driving instructor at Minnesota State Mankato, Metropolitan State, and St. Cloud State University. Mr. Corrigan may be qualified as an expert through "knowledge, skill, experience, training, or education." Fed. R. Evid. 702. Mr. Corrigan appears to have the requisite qualifications to testify as an expert regarding police practices and policies, including the use of force. Defendants' concerns with Mr. Corrigan's qualifications go to the weight of his testimony, not its admissibility. See Fox v. Dannenberg, 906 F.2d 1253, 1256 (8th Cir. 1990) ("Once the trial court has determined that a witness is competent to testify as an expert, challenges to the expert's skill or knowledge go to the weight to be accorded the expert testimony rather than to its admissibility."). The Court dismissed Plaintiff's claims regarding the hiring, training, and supervision of Anderson; therefore, any testimony on these issues is not relevant. The Court also dismissed the claims against the City allegedly arising out of the City's investigation of the shooting; therefore Mr. Corrigan's testimony about the adequacy of the investigation is also not relevant. Defendants' Motion to exclude Mr. Corrigan as an expert, however, is denied.

### 2. Richard Diercks

Defendants move to limit the testimony of Plaintiff's expert, Richard Diercks, because the jury can determine by themselves whether the security camera footage shows that

decedent was carrying a gun. Specifically, Defendants move to preclude Mr. Diercks from testifying about his conclusion that Lee was not carrying a gun, based on Mr. Diercks's observation of the security camera footage. Plaintiff generally defends Mr. Diercks's qualifications as an expert, but does not directly address whether Mr. Diercks's conclusion that the decedent did not have a gun would be helpful to the jury.

Mr. Diercks's is qualified to testify as an expert. He has significant experience and credentials. However, the jury does not need assistance in determining whether they can see a gun or any other object in the decedent's hand. Mr. Diercks's conclusion is based on his observation of the video—he did not employ any technique or utilize any specialized skill that is unavailable to the jury. See U.S. v. Shedlock, 62 F.3d 214, 219 (8th Cir. 1995) ("Expert testimony is helpful to a jury if it concerns matters beyond the knowledge of average individuals; however, it cannot supplant the jury's role in evaluating the evidence.") (citing United States v. French, 12 F.3d 114, 116 (8th Cir. 1993)). Mr. Diercks's expertise will be helpful in explaining to the jury why and how he modified the video, and how those modifications may aid the jury in viewing the video. However, Defendants' Motion to limit Mr. Diercks testimony is granted and Mr. Diercks's conclusion that the decedent did not have anything in his right hand in the video is inadmissible. Mr. Diercks may testify about the steps he took to modify the video and present the images to the jury.

**CONCLUSION**

Accordingly, and as set forth above, **IT IS HEREBY ORDERED** that:

1. Plaintiff's Motions in Limine (Docket No. 90) are **GRANTED in part** and **DENIED in part**;

2. Defendants' Motions in Limine (Docket No. 94) are **GRANTED**; and

3. Defendant's Motions in Limine (Docket No. 95) are **GRANTED in part** and **DENIED in part**.


Dated:  May 13, 2009

                              *s/Paul A. Magnuson*
                          Paul A. Magnuson
                          United States District Court Judge