**<u>Youa Vang Lee v. Jason Andersen and the City of Minneapolis</u>**
Civil No. 07-1205 (PAM/JSM)

INSTRUCTION NO. 1

**INTRODUCTION**

8th Cir. 3.01

3 O'Malley § 103.01

Members of the jury, the instructions I gave at the beginning of the trial and during the trial remain in effect. I now give you some additional instructions.

You must, of course, continue to follow the instructions I gave you earlier, as well as those I give you now. You must not single out some instructions and ignore others, because <u>all</u> are important. This is true even though some of those I gave you at the beginning of trial are not repeated here.

The instructions I am about to give you now are in writing and will be available to you in the jury room. I emphasize, however, that this does not mean they are more important than my earlier instructions. Again, <u>all</u> instructions, whenever given and whether in writing or not, must be followed.

The lawyers have quite properly referred to some of the governing rules of law in their arguments. If, however, any difference appears to you between the law as stated by the lawyers and the law as stated by the Court in these instructions, you must follow the Court's instructions.

From the evidence you will decide what the facts are. You are entitled to consider the evidence in light of your own observations and experiences in the affairs of life. You will

<u>**Youa Vang Lee v. Jason Andersen and the City of Minneapolis**</u>
Civil No. 07-1205 (PAM/JSM)

then apply those facts to the law that the Court gives you in these and in other instructions,

and in that way reach your verdict.  You are the sole judges of the facts; but you must follow

the law as stated in the court's instructions whether you agree with it or not.

Youa Vang Lee, trustee for the heirs and next of kin of Fong Lee, Decedent, is the

**plaintiff** in this case.  In these instructions, she will be referred to as "plaintiff."

Jason Andersen is the **defendant** in this case.  In these instructions, he will be referred

to as "defendant."

**<u>Youa Vang Lee v. Jason Andersen and the City of Minneapolis</u>**
Civil No. 07-1205 (PAM/JSM)

INSTRUCTION NO. 2

**JUDGE'S OPINION**

8th. Cir. 3.02

O'Malley § 103.01

Neither in these instructions nor in any ruling, action or remark that I have made during the course of this trial have I intended to give any opinion or suggestion as to what your verdict should be.

You must perform your duties as jurors without bias or prejudice as to any party. The law does not permit you to be controlled by sympathy, prejudice, or public opinion. All parties expect that you will carefully and impartially consider all the evidence, follow the law as it is now being given to you, and reach a just verdict, regardless of the consequences.

<u>**Youa Vang Lee v. Jason Andersen and the City of Minneapolis**</u>
Civil No. 07-1205 (PAM/JSM)

INSTRUCTION NO. 3

**EVIDENCE**

8th Cir. 1.02

I have mentioned the word "evidence."  "Evidence" includes the testimony of witnesses; documents and other things received as exhibits; and any facts that have been stipulated - that is, formally agreed to by the parties.

Certain things are not evidence.  I will list those things for you now:

1.      Statements, arguments, questions and comments by lawyers are not evidence.

2.      Exhibits that are identified by a party but not offered or received in evidence are not evidence.

3 .      Objections are not evidence.  Lawyers have a right and sometimes an obligation to object when they believe something is improper.  You should not be influenced by the objection.  If I sustain an objection to a question or an exhibit, you must ignore the question or the exhibit and must not try to guess what the information might have been.

4 .      Testimony and exhibits that I strike from the record, or tell you to disregard, are not evidence and must not be considered.

5.      Anything you see or hear about this case outside the courtroom is not

**<u>Youa Vang Lee v. Jason Andersen and the City of Minneapolis</u>**
Civil No. 07-1205 (PAM/JSM)

evidence

Some of you may have heard the terms "direct evidence" and "circumstantial evidence." You are instructed that you should not be concerned with those terms, since the law makes no distinction between the weight to be given to direct and circumstantial evidence.

**Youa Vang Lee v. Jason Andersen and the City of Minneapolis**
Civil No. 07-1205 (PAM/JSM)

INSTRUCTION NO. 4

**CREDIBILITY OF WITNESSES**

8th Cir. 3.03

In deciding what the facts are, you may have to decide what testimony you believe and what testimony you do not believe.  You may believe all of what a witness said, or only part of it, or none of it.

In deciding what testimony to believe, you may consider a witness' intelligence, the opportunity a witness had to see or hear the things testified about, a witness' memory, any motives a witness may have for testifying a certain way, the manner of a witness while testifying, whether a witness said something different at an earlier time, the general reasonableness of the testimony, and the extent to which the testimony is consistent with any evidence that you believe.

In deciding whether or not to believe a witness, keep in mind that people sometimes hear or see things differently and sometimes forget things.  You need to consider therefore whether a contradiction is an innocent misrecollection or lapse of memory or an intentional falsehood, and that may depend on whether it has to do with an important fact or only a small detail.

**<u>Youa Vang Lee v. Jason Andersen and the City of Minneapolis</u>**
Civil No. 07-1205 (PAM/JSM)

INSTRUCTION 5

**IMPEACHMENT OF WITNESSES**

3 O'Malley § 105.04

A witness may be discredited or impeached by contradictory evidence or by evidence that at some other time the witness has said or done something, or has failed to say or do something that is inconsistent with the witness' present testimony.

If you believe any witness has been impeached and thus discredited, you may give the testimony of that witness such credibility, if any, you think it deserves.

If a witness is shown knowingly to have testified falsely about any material matter, you have a right to distrust such witness' other testimony and you may reject all the testimony of that witness or give it such credibility as you may think it deserves.

An act or omission is "knowingly" done, if voluntarily and intentionally, and not because of mistake or accident or other innocent reason.

**<u>Youa Vang Lee v. Jason Andersen and the City of Minneapolis</u>**
Civil No. 07-1205 (PAM/JSM)

INSTRUCTION NO. 6

**EXPERT WITNESSES**

3 O'Malley § 104.40

The rules of evidence ordinarily do not permit witnesses to testify as to opinions or conclusions.  An exception to this rule exits for "expert witnesses."  An expert witness is a person who, by education and experience has become expert in some art, science, profession, or calling.  Expert witnesses may state their opinions as to matters in which they profess to be expert, and may also state their reasons for their opinions.

You should consider each expert opinion received in evidence in this case, and give it such weight as you think it deserves.  If you should decide that the opinion of an expert witness is not based upon sufficient education and experience, or if you should conclude that the reasons given in support of the opinion are not sound, or if you feel that it is outweighed by other evidence, you may disregard the opinion entirely.

8

<u>**Youa Vang Lee v. Jason Andersen and the City of Minneapolis**</u>
Civil No. 07-1205 (PAM/JSM)

INSTRUCTION NO. 7

**BURDEN OF PROOF**

8th. Cir. 3.04

In these instructions you are told that your verdict depends on whether you find certain facts have been proved.  The burden of proving a fact is upon the party whose claim depends upon that fact.  The party who has the burden of proving a fact must prove it by the preponderance of the evidence.  To prove something by the preponderance of the evidence is to prove that it is more likely true than not true.  It is determined by considering all of the evidence and deciding which evidence is more believable.  If, on any issue in the case, the evidence is equally balanced, you cannot find that issue has been proved.

The preponderance of the evidence is not necessarily determined by the greater number of witnesses or exhibits a party has presented.

You may have heard of the term "proof beyond a reasonable doubt."  That is a stricter standard which applies in criminal cases.  It does not apply in civil cases such as this.  You should, therefore, put it out of your minds.

**<u>Youa Vang Lee v. Jason Andersen and the City of Minneapolis</u>**
Civil No. 07-1205 (PAM/JSM)

INSTRUCTION NO. 8

**EXCESSIVE USE OF FORCE**

8th Cir. 4.10

Plaintiff claims that Jason Andersen used excessive force against Fong Lee on July 22, 2006.  Your verdict must be for Plaintiff and against Jason Andersen for shooting Fong Lee if all the following elements have been proved by the preponderance of the evidence:

*First*, Andersen shot Fong Lee in the act of stopping Fong Lee, and

*Second*, the use of such force was excessive because it was not reasonably necessary to protect Andersen or others from apparent death or great bodily harm, and

*Third*, as a direct result, Fong Lee was damaged, and

*Fourth*, Andersen was acting under color of state law.

In determining whether such force was "not reasonably necessary," you must consider such factors as the need for the application of force, the relationship between the need and the amount of force that was used, the extent of the injury inflicted, and whether a reasonable officer on the scene, without the benefit of 20/20 hindsight, would have used such force under similar circumstances.  The jury must consider that police officers are often forced to make judgments about the amount of force that is necessary in circumstances that are tense, uncertain and rapidly evolving.  The jury must consider whether the officer's actions are reasonable in the light of the facts and circumstances confronting the officer, without regard to the officer's own state of mind, intention or motivation.

10

**<u>Youa Vang Lee v. Jason Andersen and the City of Minneapolis</u>**
Civil No. 07-1205 (PAM/JSM)

If any of the above elements has not been proved by the preponderance of the evidence, then your verdict must be for the defendant.

**Youa Vang Lee v. Jason Andersen and the City of Minneapolis**
Civil No. 07-1205 (PAM/JSM)

INSTRUCTION NO.  9

**DEFINITION: COLOR OF STATE LAW**

8th Cir. 4.40

Acts are done under color of law when a person acts or purports to act in the performance of official duties under any state, county or municipal law, ordinance or regulation.

You are instructed that Andersen was acting under color of law at all relevant times.

**<u>Youa Vang Lee v. Jason Andersen and the City of Minneapolis</u>**
Civil No. 07-1205 (PAM/JSM)

INSTRUCTION NO. 10

**USE OF DEADLY FORCE—PEACE OFFICER**

Minn. Stat. § 609.066

"Deadly force" is force:

1.      Used to cause or create a substantial risk of death or great bodily harm, or

2.      Which the officer should reasonably know creates a substantial risk of death or great bodily harm.

Intentionally firing a gun in the direction of another person is deadly force.

A peace officer has the right to use deadly force in the line of duty only when necessary to:

1.      Protect himself (or another) from apparent death or great bodily harm.

2.      Arrest or capture, or prevent the escape of, a person who the peace officer knows or has reasonable grounds to believe has committed, or has attempted to commit a felony involving the use, or the threatened use, of deadly force, or

3.      Arrest or capture, or prevent the escape of, a person who the officer knows or has reasonable grounds to believe has committed or has attempted to commit a felony.  The officer must also reasonably believe that the person will cause death or great bodily harm if the person's capture is delayed.

13

**Youa Vang Lee v. Jason Andersen and the City of Minneapolis**
Civil No. 07-1205 (PAM/JSM)

INSTRUCTION NO. 11

**MEASURE OF DAMAGES—WRONGFUL DEATH**

Minn. JIG 91.75

When you consider damages for Plaintiff Youa Vang Lee, trustee for the heirs and next-of-kin of Fong Lee, decedent, determine an amount of money that will fairly and adequately compensate Plaintiff for the losses she suffered as a result of this death. You should consider what Fong Lee would have provided to the Plaintiff if he had lived.

Factors to Consider

You should consider:

1. His contributions in the past

2. His life expectancy at the time of his death

3. His health, age, habits, talents, and success

4. His occupation

5. His past earnings

6. His likely future earning capacity and prospect of bettering himself had he lived

7. His personal living expenses

8. His legal obligation to support any surviving spouse and the likelihood that he would have fulfilled that obligation

**Youa Vang Lee v. Jason Andersen and the City of Minneapolis**
Civil No. 07-1205 (PAM/JSM)

9.     All reasonable expenses incurred for a funeral and burial (etc), and all

       reasonable expenses for support due to his last sickness, including necessary

       medical and hospital expenses incurred after and as a result of the injuries

       causing death

10.    The counsel, guidance, and aid he would have given plaintiff

11.    The advise, comfort, assistance, and protection that Fong Lee would have

       given if he had lived.

15

<u>**Youa Vang Lee v. Jason Andersen and the City of Minneapolis**</u>
Civil No. 07-1205 (PAM/JSM)

INSTRUCTION NO. 12

**LIFE EXPECTANCY TABLES**

Minn. 91.85

According to life expectancy tables, the future life expectancy of a 19-year-old male is 56.8 years. This means he is expected to live to age 75.8.

Use this figure to help you determine the probable life expectancy of Fong Lee. It is not conclusive proof of his life expectancy, and you are not bound by it. It is only an estimate based on average experience.

You may find that Fong Lee would have lived a longer or shorter period than that given in these tables.

Consider this figure along with evidence of the health, physical condition, habits, occupation, and surroundings of Fong Lee and other circumstances that might affect his life expectancy.

<u>**Youa Vang Lee v. Jason Andersen and the City of Minneapolis**</u>
Civil No. 07-1205 (PAM/JSM)

INSTRUCTION NO. 13

**PUNITIVE DAMAGES**

8th. Cir. 4.50C

In addition to the damages mentioned in other instructions, the law permits the jury under certain circumstances to award punitive damages.

If you find in favor of the plaintiff under Question No. 1 of the Special Verdict Form and if you find that the conduct of that defendant as submitted in Queston No. 4 of the Special Verdict Form was malicious or recklessly indifferent to Fong Lee's constitutional right to be free from the use of excessive force, then you may, but are not required to, award the plaintiff an additional amount as punitive damages for the sole purposes of punishing defendant Jason Andersen and deterring him and others from engaging in such misconduct in the future.

If you decide to award punitive damages, you should consider the following in deciding the amount of punitive damages to award:

1. How reprehensible the defendant's conduct was. In this regard, you may consider whether the harm suffered by the plaintiff was physical or economic or both; whether there was violence, deceit, intentional malice, reckless disregard for human health or safety; whether others were harmed by the same conduct of the defendant that harmed the plaintiff; and whether there was any repetition of the wrongful conduct and past conduct of the sort that harmed the plaintiff;

**<u>Youa Vang Lee v. Jason Andersen and the City of Minneapolis</u>**
Civil No. 07-1205 (PAM/JSM)

2.  How much harm actually resulted to the plaintiff, from the defendant's wrongful conduct;

3.   What amount of punitive damages, in addition to the other damages already awarded, is needed, considering the defendant's financial condition, to punish the defendant for his wrongful conduct toward the plaintiff and to deter the defendant and others from similar wrongful conduct in the future;

4.  In order to achieve the purposes of punitive damages set forth above, the amount of any punitive damages award should bear a reasonable relationship to the amount of compensatory damages you awarded, if any.

<u>**Youa Vang Lee v. Jason Andersen and the City of Minneapolis**</u>
Civil No. 07-1205 (PAM/JSM)

INSTRUCTION NO. 14

**DEFINITION:  MALICIOUSLY**

8th. Cir. 4.45

"Maliciously" means intentionally injuring another without just cause or reason.

**Youa Vang Lee v. Jason Andersen and the City of Minneapolis**
Civil No. 07-1205 (PAM/JSM)

INSTRUCTION NO. 15

**ELECTION OF FOREPERSON; DUTY TO DELIBERATE;**

**COMMUNICATIONS WITH COURT; CAUTIONARY; UNANIMOUS**

**VERDICT; VERDICT FORM**

8th Cir. 3.06

In conducting your deliberations and returning your verdict, there are certain rules you

must follow.

*First*, when you go to the jury room, you must select one of your members as your

foreperson.  That person will preside over your discussions and speak for you here in court.

*Second*, it is your duty, as jurors, to discuss this case with one another in the jury

room.  You should try to reach agreement if you can do so without violence to individual

judgment, because a verdict must be unanimous.

Each of you must make your own conscientious decision, but only after you have

considered all the evidence, discussed it fully with your fellow jurors, and listened to the

views of your fellow jurors.

Do not be afraid to change your opinions if the discussion persuades you that you

should.  But do not come to a decision simply because other jurors think it is right, or simply

to reach a verdict.  Remember at all times that you are not partisans.  You are judges - judges

of the facts.  Your sole interest is to seek the truth from the evidence in the case.

*Third*, if you need to communicate with me during your deliberations, you may send

20

<u>**Youa Vang Lee v. Jason Andersen and the City of Minneapolis**</u>
Civil No. 07-1205 (PAM/JSM)

a note to me through the marshal or bailiff, signed by one or more jurors.  I will respond as soon as possible either in writing or orally in open court.  Remember that you should not tell anyone - including me - how your votes stand numerically.

*Fourth*, your verdict must be based solely on the evidence and on the law which I have given to you in my instructions.  The verdict must be unanimous.  Nothing I have said or done is intended to suggest what your verdict should be - that is entirely for you to decide.

*Finally*, the verdict form is simply the written notice of the decision that you reach in this case.  You will take this form to the jury room, and when each of you has agreed on the verdict, your foreperson will fill in the form, sign and date it, and advise the marshal or bailiff that you are ready to return to the courtroom.